IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STACY D. BEASLEY, #N6359                                               PETITIONER

VS.                                              CIVIL ACTION NO.  4:12cv98-CWR-FKB

CHRISTOPHER EPPS                                                      RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [4], to which the Petitioner has failed to respond. Respondent argues that the petition should be dismissed because Petitioner's sentence has expired, and he has been released. Alternatively, Respondent argues that Beasley failed to exhaust state remedies, therefore the petition should be dismissed on that basis. For the reasons explained below, the Motion to Dismiss should be **granted**.

FACTS AND PROCEDURAL HISTORY

On January 9, 2012, Beasley pleaded guilty to possession of precursor with intent to manufacture methamphetamine in the Circuit Court of Wayne County. Docket No. 1 at 18 to19. According to the Sentencing Order, the Circuit Court sentenced Beasley to a term of eighteen (18) years in the custody of the Mississippi Department of Corrections ("MDOC"), with one (1) year to serve, seventeen (17) years suspended, and five (5) years of post-release supervision. Id. at 18. The Sentencing Order instructed that after Beasley had completed one year in the custody of the MDOC, he should be remanded to the supervision of the Mississippi Department of Corrections to complete post-release supervision. Id. The Sentencing Order specified that Beasley was to receive 165 days' credit on his sentence for the time he was in custody prior to sentencing, from February 23, 2010, to August 6, 2010. Id.

Petitioner filed this action on June 26, 2012, arguing that the State of Mississippi had unconstitutionally detained him beyond the release date he had calculated, especially when one considered the 91 days of "Meritorious Earned Time" that he had accrued since his incarceration had begun on January 9, 2012. Petitioner's explanation of the method by which he accrued Meritorious

Earned Time and by which he calculated his release date is difficult to follow. He also fails to attach to his petition any discernable documentation supporting his calculations. In any event, he argues that by June 25, 2012, MDOC had detained him a total of 60 days beyond his projected release date. Beasley requests immediate release from his incarceration. The Court notes that Beasley also freely admits that he failed to seek relief from the State courts on this issue in any manner whatsoever. Instead, he brought his Petition for a Writ of Habeas Corpus relief directly to this federal court.

The State responded to the Petition with a Motion to Dismiss. In the Motion, the State argues that the petition should be dismissed as moot because Beasley was discharged and released from custody on July 5, 2012, due to the expiration of his sentence. See Discharge Certificate, Docket No. 4-2 at 1. Alternatively, the State argues that the instant petition is not properly before this Court because Petitioner failed to exhaust his state court remedies pursuant to 28 U.S.C. § 2254.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended the statute governing writs of habeas corpus, 28 U.S.C. § 2254. The relevant portions of the statute provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that --
> > (A) the applicant has exhausted the remedies available in the courts of
> > the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the
> > rights of the applicant.
> >                           *   *   *
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped
> from reliance upon the requirement unless the State, through counsel, expressly waives
> the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the
> courts of the State, within the meaning of this section, if he has the right under the law of
> the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

As stated above, Respondent argues that this petition should be dismissed because Beasley's

sentence has expired and he has been released from custody.  Alternatively, Respondent argues that Beasley's petition should be dismissed because he has failed to exhaust his available state court remedies.  Not only does it appear that the petition is moot due to Petitioner's release, but the Court finds that the petition should be dismissed for Beasley's failure to exhaust state court remedies.

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.  See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387.  Petitioner has quite plainly not met this requirement, and he freely admits his failure to exhaust within the body of his petition.  Docket No. 1 at 3.  Because Petitioner has failed to exhaust his state court remedies, this Court may not grant habeas relief.  See 28 U.S.C. § 2254(b).

## CONCLUSION

Accordingly, for the reasons stated above, the Respondent's Motion to Dismiss should be **granted**, and this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 11th day of February, 2013.

     /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE